**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF MISSOURI**

Blossom ABA Therapy, LLC,

                            Plaintiff,

              against

Blossoms ABA, LLC,

                        Defendant.

Docket No.: 4:26-cv-770

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Blossom ABA Therapy, LLC ("Plaintiff") hereby alleges for its Complaint against defendant Blossoms ABA, LLC, ("Defendant") on personal knowledge as to its own activities and on other information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.      This is an action for trademark infringement and unfair competition under the laws of the United States, 15 U.S.C. §§ 1114 and 1125.

2.      This action arises from Defendant's use of "Blossoms ABA, LLC" in commerce that infringes one of Plaintiff's trademarks.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction for trademark infringement and unfair competition arising under 28 U.S.C. §§ 1331 and 1338.  Trademark infringement is a federal question under 15 U.S.C. § 1111 *et. seq*.

4.      This Court has personal jurisdiction over Defendant because it is registered in Missouri and has its principal place of business in St. Louis, Missouri.

5. Venue is proper in this action pursuant to U.S.C. §§ 1391, 1400(a) at least because Defendant conducts business within the judicial district and acts giving rise to this Complaint are believed to have occurred within this judicial district.

## PARTIES

6. Blossom ABA Therapy, LLC is a limited liability company that is registered in New Jersey, Tennessee, and Georgia and has its principal place of business at 3372 Peachtree Rd, Suite 115, Atlanta, Georgia 30326.

7. Upon information and belief, Blossoms ABA, LLC is a limited liability company that is registered in Missouri and has its principal place of business at 4625 Lindell Blvd, Suite 200, St. Louis, Missouri 63108.

## FACTS

8. Plaintiff operates as a behavioral health agency and offers a full complement of therapy services. These therapy services include behavioral health evaluations, home-based and facility-based therapy services, in-school behavioral health advocacy services, and behavioral health diagnostic services. *See e.g.*, https://blossomabatherapy.com/aba-therapy-services/.

9. Plaintiff provides these services to its customers to, among other things, build its positive reputation and develop customer goodwill.

10. Plaintiff owns a valid, protectable, and registered trademark (the "Mark") in connection with behavioral health services, including a trademark covered by a registration duly issued by the United States Patent and Trademark Office (the "USPTO") for a mark comprising or including BLOSSOM ABA THERAPY, as shown below.

| Mark | Registration No. | Services | Exhibit |
|---|---|---|---|
| BLOSSOM ABA THERAPY | 7834456 | Applied behavior analysis therapy | A |

11. Plaintiff has continuously used the Mark in interstate commerce in the United States in connection with behavioral health services since at least May 1, 2021.

2

12.    Examples of such use include on Plaintiff's website and other marketing of its behavior health services. For example, the Mark appears:

    a.    on Plaintiff's website. *See* https://blossomabatherapy.com/services/school-based-aba-therapy; and



    b.    on Plaintiff's social media, such as Instagram. *See* https://www.instagram.com/blossomabatherapy/.



**blossomabatherapy**  · · ·

**blossomabatherapy** Catering to a child's need, is how we will educate them.
#autism #autismawareness #autismacceptance
June 28, 2021

13.    Upon information and belief, Defendant is a behavioral health agency and offers therapy services. These therapy services include behavioral health evaluations, home-based therapy services, and behavioral health diagnostic services.

14.    Upon information and belief, Defendant provides its services in Missouri, as shown below. *See* https://blossomsaba.com/ (stating that it "provide[s] the support and care…" "anywhere in Missouri").

4

# What We Do - Autism Therapy

We're dedicated to improving the lives of children with autism through in-home ABA therapy.

Our carefully chosen team of ABA professionals works tirelessly to empower each child to reach their full potential, whether it be at home, in school, or in any setting.

If you have a child with autism, age 2-21, and reside anywhere in Missouri, Blossoms ABA is here to provide the support and care you need. Discover the difference our dedicated team can make in your child's development.

We specialize in early intervention, accept Medicaid, and have no waitlist to get your started ASAP.

Get Started Today

15. Upon information and belief, Defendant was formed on January 31, 2024, to provide behavioral health services. *See e.g.,* https://bsd.sos.mo.gov/BusinessEntity/BusinessEntityDetail.aspx?page=beSearch&ID=4775514.

16. Upon information and belief, Defendant has been using "Blossoms ABA" in connection with providing its behavioral health services since the company's inception, January 31, 2024. *See* e.g., https://bsd.sos.mo.gov/BusinessEntity/BusinessEntityDetail.aspx?page =beSearch&ID=4775514.

17. As shown in examples below, Defendant uses terms that are substantially similar to the Mark in association with its behavioral health services on its website and social media. These terms include "Blossoms ABA" and "blossomsabatherapy":

    a. on its website (shown below), *see* https://blossomsaba.com/; and



   b.  on its Facebook page (shown below), *see* https://www.facebook.com/blossomsabatherapy; and



   c.   in Defendant's domain name—i.e., https://blossomsaba.com/.

18.    Defendant improperly used the terms for its behavioral health services despite Plaintiff's prior use and registration of the Mark for many years. Defendant's adoption and its use of these terms that are substantially similar to the Mark was without Plaintiff's authorization.

19.    Upon information and belief, Faigel Weiss and Shaindy Shapiro are owners of Blossoms ABA, LLC ("Defendant Owners").

20.    Upon information and belief, Defendant was aware of Plaintiff's use of "Blossom ABA Therapy" before Defendant began using it. For example, Plaintiff placed representative advertisements in magazines serving the small Lakewood, NJ community beginning in 2021. *See* Exhibit B.

21.     Upon information and belief, Defendant Owners resided in Lakewood, New Jersey at the time the representative advertisement magazines were distributed throughout Lakewood, New Jersey. Accordingly, Defendant was aware of Plaintiff's use of "Blossom ABA Therapy" prior to Defendant's formation, as Defendant Owners would have been on notice of Plaintiff's use of "Blossom ABA Therapy" through its magazine advertisements.

22.     On July 23, 2024, Plaintiff received an email from NUCO Filings, a business administration company, that was intended for Defendant. Based on information and belief, NUCO provided registered agent services to Defendant, and NUCO Filings inadvertently sent the email to Plaintiff under the belief that Plaintiff was the same entity as Defendant.

23.     On September 30, 2024, Plaintiff sent Defendant a letter, requesting that Defendant cease and desist any further use of the term that is substantially similar or identical to the Mark and domain name.

24.     On August 28, 2025, Plaintiff sent Defendant a second letter requesting that Defendant cease and desist from any further use of the term that is substantially similar or identical to the Mark and domain name and offering settlement terms to resolve this matter.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

25.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

26.     Plaintiff is the owner of the Mark for behavioral health services based upon use of the Mark since at least 2021. The Mark is registered with the USPTO in association with applied behavior analysis therapy.

27.     Defendant uses "Blossoms ABA," "Blossoms ABA LLC," and "blossomsabatherapy" (the "Infringing Terms") that are practically identical to Plaintiff's registered mark, BLOSSOM ABA THERAPY, as shown below in the comparison table.

| Plaintiff's Mark: | Defendant's Infringing Terms: |
| --- | --- |
| | |



28.	While the terms Defendant uses has a minor difference—Blossom vs. Blossoms—the additional "s" fails to cure the violation, because they still look and sound substantially the same, and both parties use the Mark in the same field of behavioral health services.

29.    As discussed above, a third party, NUCO Filings, mistakenly sent an email correspondence to Plaintiff under the belief that Plaintiff was the same entity as Defendant, showing that a member of the public was confused by the substantial similarities between the Mark and the Infringing Terms.

30.    Accordingly, the public is likely to be confused and believe that Defendant's services originate with Plaintiff, licensed by Plaintiff, or sponsored by, connected with, endorsed by, or related to Plaintiff. As such, Defendant's unauthorized use of the Infringing Term is likely to cause confusion, mistake, or deception as to the source of Defendant's services or whether Defendant's services are sponsored or approved by Plaintiff.

31.    Defendant's acts constitute infringement of Plaintiff's right in the Mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

32.    Defendant uses the Infringing Terms without a license or permission from Plaintiff.

33.    Given Defendant's knowledge of Plaintiff's Mark based at least on the letters discussed above, Defendant's acts of trademark infringement have been committed with intent or reckless disregard to cause confusion, mistake, or deception, and in violation of 15 U.S.C § 1114.

34.    As a direct and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

35.    Defendant's acts will continue to cause irreparable injury to Plaintiff unless enjoined. Accordingly, in addition to other relief sought, Plaintiff is entitled to injunctive relief and monetary relief.

## COUNT II: FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

36.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

37.     Plaintiff is the owner of the Mark and common law rights in the Mark for behavioral health services through the use of the mark in commerce since at least 2021.

38.     Defendant's use of the Infringing Terms for its behavioral health services is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship or approval of Defendant's services, or commercial activities and the services.

39.     Defendant's unauthorized use of the Infringing Terms constitutes commercial use in interstate commerce.

40.     Defendant uses the Infringing Terms without a license or permission from Plaintiff.

41.     Defendant's acts constitute unfair competition, false designation of origin, palming off, and false description or representation in violation of Section 43(a) of the Lanham Act, 15 U.SC. § 1125(a).

42.     As a result of Defendant's unlawful acts, Plaintiff has suffered and continues to suffer substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time. Defendant's acts will continue to cause irreparable injury to Plaintiff unless enjoined. Accordingly, in addition to other reliefs sought, Plaintiff is entitled to injunctive relief and monetary relief.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court find in favor against Defendant and that the Court:

   a) Grant judgment in favor of Plaintiff and against Defendant on all of Plaintiff's claims, including adjudging that Defendant has infringed on the Mark;

11

b)  Order that Defendant, pursuant to 15 U.S.C. § 1118, cease all use of the Infringing Term or any mark confusingly similar to the Mark in any form including printed or electronic;

c)  Order Defendant to pay all statutory damages in maximum amount permitted under the Lanham Act;

d)  Order Defendant to account for and pay over to Plaintiff all damages sustained by Plaintiff and all profits obtained by Defendant as a result of its infringement and unfair competition;

e)  Order Defendant to transfer the www.blossomsaba.com domain name and any other infringing website to Plaintiff;

f)  Increase any award of damages and/or profits awarded to Plaintiff as appropriate pursuant to 15 U.S.C. § 1117(a);

g)  Award Plaintiff its reasonable attorneys' fees, costs, expenses, and interest pursuant to 15 U.S.C. § 1117(a) and other applicable law; and

h)  Award such other and further relief as this Court deems just and proper.

Dated: May 15, 2026

Respectfully Submitted,

FRANKEL, RUBIN, KLEIN,
PAYNE & PUDLOWSKI, P.C.

*/s/ Mayer S. Klein*
Mayer S. Klein, MO #32605
231 South Bemiston Ave., Ste. 1111
Clayton, Missouri 63105
T: (314) 725-8000
F: (314) 726-5837
mklein@frankelrubin.com

*Counsel for Plaintiff*

12